MORRIS WOLF and Another, Respondents, *v.* ANNIE COHEN and Another, Appellants.

First Department, May 2, 1924.

Sales — action to recover damages for breach of agreement to sell to plaintiffs all stock of corporation engaged in restaurant business — plaintiffs agreed to execute mortgage on behalf of corporation in part payment — agreement provided that corporation and shares were free of all violations — alleged breach consisted of Tenement House Law violation — court voluntarily directed verdict for plaintiffs on ground that mortgage provision made contract illegal — direction of verdict was erroneous — Tenement House Law violation not breach.

In an action to recover damages for the alleged breach of a contract by the defendants to sell to the plaintiffs all the stock issued and outstanding of a corporation engaged in the restaurant business, by the terms of which agreement the plaintiffs undertook to execute a mortgage on behalf of the corporation in part payment, and the defendants agreed that the corporation and shares were free of all violations, it was error for the court voluntarily to direct a verdict in favor of the plaintiffs on the ground that the provision in the agreement relating to the mortgage was illegal and, therefore, the contract was void.

The agreement was not made void by the provision in relation to the mortgage, but if it were, the proper procedure was for the court to dismiss the complaint without prejudice to the right of the plaintiffs to recover, in another action in disaffirmance of the contract, the money paid down.

The existence of a Tenement House Law violation against the premises, in which the corporation had its place of business, it seems, would not constitute a violation on the part of the defendants of their agreement that the corporation and its shares were free and clear of any and all violations, liens, debts or incumbrances.

APPEAL by the defendants, Annie Cohen and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 16th

day of June, 1923, upon the verdict of a jury rendered by direction of the court.

*William R. Altman* [*Jacob M. Rosenfeld* with him on the brief], for the appellants.

*Joseph Berman* [*Walter L. Bunnell* of counsel], for the respondents.

McAvoy, J.:

The plaintiffs brought this action to recover damages for the defendants' failure to perform an agreement made and entered into between them on the 31st day of December, 1920, the breach of which agreement plaintiffs allege caused them damage in the sum of $2,300.

Under the agreement the plaintiffs contracted to buy and the defendants to sell all their right, title and interest in and to all their holdings of certain shares of the capital stock in the Ulikit Bakery and Restaurant Company, a domestic corporation engaged in a restaurant business at 214 West One Hundred and Sixteenth street, upon certain terms and conditions therein contained. These shares of stock held by the defendants herein constituted all of the shares of capital stock of the Ulikit Company, issued and outstanding.

The amount of the consideration to be paid under the terms of the contract for the shares of capital stock was the sum of $17,000 on account of which plaintiffs paid to the defendants the sum of $1,000 at the time of the execution of the agreement and the balance was to be paid on the day set for the delivery of the shares of stock to the purchaser, to wit, January 10, 1921, as follows: $7,000 by certified check or cash; $6,900 by plaintiffs assuming the payment of certain notes then outstanding and payable by the corporation in certain fixed monthly installments; $2,100 by the plaintiffs agreeing to execute on behalf of the corporation a mortgage on the lease as well as a chattel mortgage covering all the fixtures and implements used in the place of business secured by notes to be executed by the corporation and personally indorsed by the plaintiffs, and which were to be payable in certain fixed installments.

It was represented by the sellers under the contract " that the said corporation and the said shares of stock are free and clear of any and all violations, liens, debts or encumbrances."

Upon the trial of the case, plaintiffs sought to show that they had refused to consummate the transaction on the 10th day of January, 1921, the date agreed upon in the contract as the date of performance, because of a certain Tenement House Law violation against the premises in which the Ulikit Restaurant had its place of

business, and the demand of the plaintiffs was solely for damages for this failure of defendants to carry out the agreement.

The learned trial court was of the opinion that the promise by plaintiffs to execute a mortgage on behalf of the corporation, as security for the payment of the balance of the purchase price of the corporate stock, rendered the contract void. In this we think there was a vital error which affected the validity of the subsequent judgment.

The complaint proceeded in affirmance of the contract, and even assuming that the corporation or its creditors might have had the agreement to mortgage the assets set aside, there was nothing before the court to indicate that such was the intent of any one legally interested. Nevertheless, of its own motion the trial court declared the agreement void and without request of plaintiffs directed a verdict in their behalf for the advance payment of money on account of the purchase price. No authority exists for this procedure. If the contract were void, the complaint which sued on a claim for damages for its breach ought to have been dismissed with the right in plaintiff to recover in another action, in disaffirmance of the transaction, the money paid down. But we do not regard the agreement as a void contract and plaintiffs were entitled, if they could prove that they were justified in refusing to complete the transaction, to recover such damages as they suffered through the alleged failure of defendants to perform on their part by being ready to deliver the shares of stock free from any lien, violation, debt or incumbrances thereon. Whatever the proof may show on a new trial, however, there was nothing offered here which indicated any lien or incumbrance or violation against the shares of stock of the corporation involved.

A Tenement House Law violation filed against the building in which the restaurant company is housed does not create any lien or incumbrance on the shares of stock of the corporation occupant, and so far as appears this was the basis of plaintiffs' rejection of the bargain.

The judgment appealed from having been rendered in violation of the rule that recovery must be had *secundum allegata et probata*, it should be reversed and a new trial granted, with costs to the appellants to abide the event.

CLARKE, P. J., DOWLING and MERRELL, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.